## ANTONIO JORASCO v. THE STATE.

1. THEFT — VARIANCE. — In the trial of an indictment for the theft of a horse alleged to belong to an owner unknown to the grand jury, the evidence showed that the name of the supposed owner, though known to State's witnesses at the time of the trial, was not known to them when they testified before the grand jury, and that the grand jury made unavailing inquiry for the name. *Held*, that this evidence countervailed and frustrated the defence of variance between the allegation and the proof. (See *Jorasco* v. *The State*, 6 Texas Ct. App. 238.)

2. EVIDENCE. — However usual and proper it may be to surrender property on the claim that it had been stolen, evidence that it was so claimed and surrendered does not suffice to prove either the fact of the theft or the ownership represented, even though supplemented by proof that the accused had avoided arrest.

APPEAL from the District Court of Travis. Tried below before the Hon. E. B. TURNER.

The indictment charged the theft of a gelding, the property of a person to the grand jurors unknown. A former conviction of the appellant upon the same indictment was set aside by this court on account of variance between the allegation respecting the ownership, and the proof at the trial. *Jorasco* v. *The State*, 6 Texas Ct. App. 238. At the new trial for which the case was then remanded, the prosecution proved by the witnesses on whose testimony the indictment was found, that they did not remember the owner's name when they were examined before the grand jury, but learned it before the former trial of the cause. By the county attorney and the foreman of the grand jury who found the indictment it was proved that the grand jury made diligent inquiry and effort to ascertain the name, but were unable to do so.

The opinion sufficiently indicates the defects in the proof at the last trial, on account of which the judgment of conviction is again reversed.

*J. M. Robertson* and *R. M. Russell*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. Upon a former appeal in this case, from a judgment of conviction, the judgment was reversed because the indictment alleged that the name of the owner of the stolen animal was unknown to the grand jury, and it appeared from the evidence on the trial that the name was known, or could have been ascertained by proper inquiry from the witnesses who testified before them. *Jorasco v. The State*, 6 Texas Ct. App. 238. Upon another trial it appears that this objection was obviated, but in the process of guarding against its recurrence an error equally as fatal to the conviction was allowed to creep into the record.

There is no evidence in this record that the animal was a stolen animal as alleged, or that it belonged to the party for whom it was delivered to Jackman. The statement of the witnesses Nance and Dimmick, that Blocker returned the horse to the former, and that Jackman claimed the horse as the property of Story, and that upon the strength of his statement the horse was delivered up by Nance, by no means establishes by the necessary legal evidence that Story owned the horse, or that such a horse had ever been stolen from him. Such statements may be true, and citizens may usually and properly deal with each other on the faith of representations to each other, in the manner detailed. But to deprive a citizen of his liberty, the law demands that his conviction shall be based upon legal evidence of such force and character as to satisfy the minds of his triers beyond a reasonable doubt; and without this amount of legal evidence, his condemnation shall not stand. The avoidance of the officers by appellant is merely a suspicious circumstance, by no means indicative of guilt beyond a reasonable doubt, and might be attributable to some motive other than a conscious guilt of the present offence and a desire to avoid arrest therefor. He may have stolen another horse, or have done some other lawless act for which he sought to evade arrest and trial.

The appellant may be guilty and ought to be punished. If so, there is an easy and efficacious mode by which he may be prosecuted and convicted without the necessity of straining the law or the evidence, and this mode ought to have been pursued. We do not feel called upon to take any new departure in the law of theft, and to hold the conviction valid in this case merely because the appellant has been in jail at public expense for a year or more. The rules of law are inflexible, and apply alike to the guilty and the innocent ; and no person can be deprived of his liberty except by due course of the law of the land.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*